NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TODD WILLS, | No.    19-16053 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-02994-DLR |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted November 19, 2020**
Phoenix, Arizona

Before:  TALLMAN, BYBEE, and BADE, Circuit Judges.

Todd Wills appeals the district court's order affirming the Administrative

Law Judge ("ALJ") decision denying Wills' application for disability insurance

benefits under Title II of the Social Security Act, 42 U.S.C. § 423.  We have

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's order affirming the ALJ's denial of Social Security benefits, and we must independently determine whether the ALJ's decision is free from legal error and supported by substantial evidence. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). "If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citation omitted).

First, Wills contends the ALJ erred by failing to identify his mental impairments as "severe impairments" at step two of the sequential evaluation analysis. The ALJ reasonably concluded that the minimal evidence of mental health treatment in the record and largely unremarkable mental status examination results indicated that Wills' mental impairments did not cause more than minimal limitations in Wills' ability to work. This finding is supported by substantial evidence. Moreover, even if the ALJ did err here, such error would be harmless because step two was resolved in Wills' favor. *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

Second, Wills contends the ALJ improperly discredited his symptom testimony. The ALJ reasonably relied on the evidence of Wills' improvement when compliant with treatment, Wills' daily activities, which were inconsistent

2

with the specific limitations he alleged, Wills' failure to follow treatment recommendations, and the lack of supporting medical evidence to find Wills' symptom allegations were not entirely credible. These are clear and convincing reasons to discount his testimony. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039–40 (9th Cir. 2008) (permitting the ALJ to discredit symptom testimony for failure to follow prescribed course of treatment and for conflict with evidence of improvement with treatment); *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (permitting the ALJ to discredit symptom testimony that is contradicted by a claimant's activities); *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (permitting the ALJ to discredit symptom testimony that is inconsistent with the medical evidence). Wills argues for a different interpretation of the evidence, but the ALJ's interpretation is supported by substantial evidence. *See Orn*, 495 F.3d at 630.

Third, Wills contends the ALJ erred in giving too little weight to the opinions of his treating physicians Drs. Smith and Winscott. An ALJ may reject a treating doctor's contradicted opinion "by providing specific and legitimate reasons that are supported by substantial evidence," which can be done by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [the ALJ's] interpretation thereof, and making findings." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (citations omitted). Here, the ALJ

3

found the opinions of Drs. Smith and Winscott were inconsistent with the evidence of relatively stable symptoms and clinical findings in the record, Wills' own presentation and symptom reports to his providers, including reports of improvement, and Wills' daily activities. These are specific and legitimate reasons to discount a treating physician's opinion. *Ford v. Saul*, 950 F.3d 1141, 1154–55 (9th Cir. 2020) (approving rejection of treating physician's opinion as inconsistent with the medical evidence and the claimant's activities). Wills urges the Court to adopt a different interpretation of the evidence, but the ALJ's finding is supported by substantial evidence. *See Orn*, 495 F.3d at 630.

Because Wills fails to identify harmful error in the ALJ's formulation of his residual functional capacity or the ALJ's subsequent conclusion that Wills was capable of performing past relevant work as it is generally performed, we need not address Wills' remaining argument that the ALJ should have applied Medical-Vocational Guidelines "grid rules" at step five of the sequential evaluation analysis. *See Lounsburry v. Barnhart*, 468 F.3d 1111, 1114–15 (9th Cir. 2006) (explaining grid rules).

**AFFIRMED.**